### TIDDEN *et al. v.* RAAB *et al.*

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

 In an action for the price of stained glass furnished by plaintiffs and used in defendant's house, the defense was that the glass was sold to the contractor who was building defendant's house, and not to defendant. There was evidence that the glass was selected and ordered by defendant's brother, with her knowledge and approval, and that the amount was deducted from the contractor's bill, and defendant agreed to pay it to plaintiffs. *Held,* that a verdict for plaintiffs would not be disturbed.

Appeal from circuit court, Kings county.

Action by George C. Tidden, Edward S. Arnold, and Alexander S. Locke against Barbara Raab, to recover the price of certain stained window glass. Barbara Raab died pending the action, and William Raab and Wilhelmina Raab, her executors, were substituted as defendants in her stead. Judgment was entered on a verdict for plaintiffs, and the substituted defendants appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*Kellogg, Rose & Smith, (Abram J. Rose,* of counsel,) for appellants. *Frank W. Arnold,* for respondents.

DYKMAN, J. This action was commenced against Barbara Raab, who died after it was begun, and her executors were substituted as defendants. The suit was brought to recover $248.99 for stained glass furnished by the plaintiffs for a house erected by Mertz for Miss Raab; and the defense was that the glass was sold to Mertz, the contractor, and not to Miss Raab. That question was contested upon the trial, and proof was offered by each party in support of their respective positions. There was considerable contradiction in the testimony, and the whole case was submitted to the jury by a charge which was plain and fair, and the plaintiffs obtained the verdict, which is well-sustained and justified by the evidence, and we think any other verdict would have been inconsistent with the proof. The glass was furnished by the plaintiffs and used in the building, and the value was undisputed, and the testimony tended strongly to show that it was selected and ordered by the brother and sister of Miss Raab, with her knowledge and approval; and, as between her and the plaintiffs, she became their debtor for the glass. There was also testimony that the amount was deducted from the bill of Mertz, and that Miss Raab said she would pay it to the plaintiffs. The judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs.